AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 1

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 18 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT
Eastern District of Arkansas

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | |
| ROBERT CODY HALL | Case Number: 4:17CR00151-01 JLH |
| | USM Number: 31400-009 |
| | Lisa Peters |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   Count 1 of Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm, a Class A felony | 12/7/2016 | 1 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ___N/A___   ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/8/2018
Date of Imposition of Judgment

_____
Signature of Judge

J. Leon Holmes, United States District Judge
Name and Title of Judge

6/18/2018
Date

DEFENDANT: ROBERT CODY HALL
CASE NUMBER: 4:17CR00151-01 JLH

Judgment — Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

180 MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant participate in residential substance abuse treatment, mental health counseling, and educational and vocational programs during incarceration. The Court recommends placement in a facility closest to Cabot, Arkansas, so as to allow the defendant to remain near his family. See attached Addendum for further recommendation.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ROBERT CODY HALL
CASE NUMBER: 4:17CR00151-01 JLH

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
THREE (3) YEARS

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ROBERT CODY HALL
CASE NUMBER: 4:17CR00151-01 JLH

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: ROBERT CODY HALL
CASE NUMBER: 4:17CR00151-01 JLH

## ADDITIONAL SUPERVISED RELEASE TERMS

14) The defendant must participate under the guidance and supervision of the probation office in a substance abuse treatment program which may include drug and alcohol testing, outpatient counseling, and residential treatment. The defendant must abstain from the use of alcohol during treatment. The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

15) The defendant must participate in a mental health treatment program under the guidance and supervision of the probation office. The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

DEFENDANT: ROBERT CODY HALL
CASE NUMBER: 4:17CR00151-01 JLH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ROBERT CODY HALL
CASE NUMBER: 4:17CR00151-01 JLH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# ADDENDUM

Re: United States v. Robert Cody Hall
Case No. 4:17CR00151-JLH

The Court recommends that Robert Cody Hall be given credit for time served beginning on August 14, 2017, when he completed six months in the Arkansas Department of Correction as required by his parole revocation. Hall was not released to the custody of the United States Marshals Service until March 16, 2018, but he was held in the ADC from August 14, 2017, until March 16, 2018, due to the detainer lodged by the Marshals Service. See attached.



**FEDERAL PUBLIC DEFENDER ORGANIZATION**

**EASTERN DISTRICT OF ARKANSAS**

**TRIAL UNIT**

Jenniffer Horan
**FEDERAL DEFENDER**

**SENIOR LITIGATOR**
Chris Tarver

**ASSISTANT DEFENDERS**
Lisa Peters
Kim Driggers
Latrece Gray
Molly Sullivan
Nicole Lybrand

**CHIEF INVESTIGATOR**
Shawn Tobin

**INVESTIGATORS**
Steven Green
Dana Harrison

**PARALEGALS**
Betty Farr
Sylvia Talley

**ADMINISTRATIVE OFFICER**
Debbie Williams

**COMPUTER SYSTEMS ADMINISTRATOR**
Sharon Robinson

**OPERATIONS ADMINISTRATOR**
Jeri Robinson

**MAILING ADDRESS**
1401 West Capitol
Suite 490
Little Rock, Arkansas
72201

**PHONE NUMBER**
501-324-6113

**FAX NUMBER**
501-324-6128

June 14, 2018

Mr. Cory Wilkins
Courtroom Deputy to
U.S. District Judge J. Leon Holmes
Eastern District of Arkansas
Little Rock, AR 72201

    Re:    United States v. Robert Cody Hall
            Case No. 4:17CR00151 JLH

Dear Mr. Wilkins,

    Attached, please find a series of emails evidencing that Mr. Hall received a six month parole revocation on December 13, 2016. He appeared before the Parole Board in June, 2017, and was subsequently granted parole on August 14, 2017. Mr. Hall was ultimately released to the Marshals custody on March 16, 2018, approximately 8 months later.

    I requested that the Court withhold executing the J & C so that the Bureau of Prisons could have access to this information when computing possible credit due Mr. Hall for the additional time spent at the ADC after August 14, 2017.

Take Good Care,

Lisa G. Peters
Assistant Federal Defender

LP/sfg

Enclosure

Cc: Chris Givens, AUSA
      Hunter Bridges, AUSA
      Julie Graves, USPO



**RE: Parole Revocation Timelines** Scott Howard to: 'Lisa Peters' 06/13/2018 09:59 AM

From: Scott Howard <Scott.Howard@arkansas.gov>
To: 'Lisa Peters' <Lisa_Peters@fd.org>

No problem. Please let me know if you need anything else.

From: Lisa Peters [mailto:Lisa_Peters@fd.org]
Sent: Wednesday, June 13, 2018 9:59 AM
To: Scott Howard
Cc: Betty Farr
Subject: RE: Parole Revocation Timelines


Thank you!

```
Lisa Peters, Assistant Federal Defender
      Eastern District of Arkansas
501.324.6113           lisa_peters@fd.org
```

Scott Howard ---06/13/2018 09:47:23 AM---Good morning. The hearing results were finalized on 8/14/2017. He had subsequent Rescind screenings

From: Scott Howard <Scott.Howard@arkansas.gov>
To: 'Lisa Peters' <Lisa_Peters@fd.org>
Date: 06/13/2018 09:47 AM
Subject: RE: Parole Revocation Timelines

---

Good morning. The hearing results were finalized on 8/14/2017. He had subsequent Rescind screenings due to disciplinary issues at ADC, but each confirmed the earlier decision to release him. Thanks, Scott.

From: Lisa Peters [mailto:Lisa_Peters@fd.org]
Sent: Wednesday, June 13, 2018 9:08 AM
To: Scott Howard
Cc: Betty Farr
Subject: Fw: Parole Revocation Timelines


Scott,

I am so sorry to bother you, but I don't think I made myself clear in my prior email. I am needing to know the date the parole board voted to release my client...not the date he WAS actually released to the federal detainer. I am assuming those are two different dates.

```
Lisa Peters, Assistant Federal Defender
      Eastern District of Arkansas
501.324.6113           lisa_peters@fd.org
```

----- Forwarded by Lisa Peters/AREF/08/FDO on 06/13/2018 09:05 AM -----

From: Betty Farr/AREF/08/FDO
To: Lisa Peters/AREF/08/FDO@FDO
Cc: Jenniffer Horan/AREF/08/FDO@FDO, Shawn Tobin/AREF/08/FDO@FDO
Date: 06/12/2018 09:49 AM
Subject: Fw: Parole Revocation Timelines

FYI. See clarification below from Scott Howard.

```
Betty Farr, Paralegal
Federal Public Defender Office
501.324.6113        betty_farr@fd.org
```

----- Forwarded by Betty Farr/AREF/08/FDO on 06/12/2018 09:48 AM -----

From: Scott Howard <Scott.Howard@arkansas.gov>
To: 'Betty Farr' <Betty_Farr@fd.org>
Date: 06/12/2018 09:46 AM
Subject: RE: Parole Revocation Timelines

Good morning. Yes, for Hall 139134 I did mean that he was scheduled to appear again in June 2017 (not 2016). Sorry for the confusion. His actual release date was the date provided: 03/16/2018. He was physically released from ADC to the detainer on that date.

From: Betty Farr [mailto:Betty_Farr@fd.org]
Sent: Tuesday, June 12, 2018 9:29 AM
To: Scott Howard
Subject: Fw: Parole Revocation Timelines

Scott,

Please see below e-mail below from Robert Hall's attorney. Please provide the requested information, i.e., the specific date he was released to parole and verify that he appeared before the board again in June 2017, instead of June 2016.

Thank you.

```
Betty Farr, Paralegal
Federal Public Defender Office
501.324.6113
betty_farr@fd.org
```

----- Forwarded by Betty Farr/AREF/08/FDO on 06/12/2018 09:26 AM -----

From: Lisa Peters/AREF/08/FDO
To: Betty Farr/AREF/08/FDO@FDO
Cc: Jenniffer Horan/AREF/08/FDO@FDO, Shawn Tobin/AREF/08/FDO@FDO
Date: 06/11/2018 04:59 PM
Subject: Re: Fw: Parole Revocation Timelines

Betty,

Will you ask Scott if he has the specific date Mr. Hall was released to parole? And, since he is doing that, will you have him confirm that he meant June, 2017 rather than 2016? Even though it's apparent to us that's what he meant, I don't want any confusion down the road.

> Lisa Peters, Assistant Federal Defender
> Eastern District of Arkansas
> 501.324.6113
> lisa_peters@fd.org

Betty Farr---06/11/2018 02:22:58 PM---Please see the documentation below provided by Scott Howard from the state parole board regarding Ro

From: Betty Farr/AREF/08/FDO
To: Lisa Peters/AREF/08/FDO@FDO
Cc: Jenniffer Horan/AREF/08/FDO@FDO, Shawn Tobin/AREF/08/FDO@FDO
Date: 06/11/2018 02:22 PM
Subject: Fw: Parole Revocation Timelines

Please see the documentation below provided by Scott Howard from the state parole board regarding Robert Cody Hall and ▓▓▓▓▓▓▓▓▓▓

Mr. Scott explained that both of these clients waived their rights to a hearing and went straight to the ADC. The standard rule of thumb at that time was when there was no revocation hearing, the offender was given six months probation after which time their case was to come up again for consideration. Mr. Scott stated there was no disposition report prepared in either of these cases since no hearing was conducted.

In the case of Robert Cody Hall, the date to appear before the Board again should be **June 2017** (which is the date Mr. Howard gave me) instead of what he states in his e-mail below -- "to appear before the Board again in June 2016."

If you have questions or need further clarification, please let me know.

> Betty Farr, Paralegal
> Federal Public Defender Office
> 501.324.6113
> betty_farr@fd.org

----- Forwarded by Betty Farr/AREF/08/FDO on 06/11/2018 02:02 PM -----

From: Scott Howard <Scott.Howard@arkansas.gov>
To: 'Betty Farr' <Betty_Farr@fd.org>
Date: 06/11/2018 01:52 PM
Subject: RE: Parole Revocation Timelines

Good afternoon. Timelines as we discussed for these offenders:

**Hall, Robert 139134:** Parole revoked 12/13/2016 to appear before the Board again in June 2016. At that time his case was reviewed but he was out of class, so was not eligible for release consideration. Parole was subsequently granted in mid-August 2017. He was released to US Marshal's detainer on 3/16/2018 and is listed as incarcerated in the Pulaski County Jail (I assume awaiting federal trial).